# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, | Case No. 1:24-cv-00943-EPG-HC |
| Petitioner, | ORDER DENYING PETITIONER'S REQUEST FOR COURT TO ORDER THAT PETITIONER REMAIN DETAINED IN EASTERN DISTRICT PENDING RESOLUTION OF PETITION |
| v. | |
| CHRISTOPHER CHESTNUT, et al., | |
| Respondents. | (ECF No. 25) |

Petitioner John Doe, represented by counsel, is a federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of a United States magistrate judge. (ECF Nos. 4, 10, 11.)

On November 20, 2025, this Court granted Petitioner's petition for writ of habeas corpus and found that Petitioner's release from detention is the appropriate remedy. (ECF No. 24.) On November 25, 2025, the Court ordered Petitioner's release on conditions. (ECF No. 27.)

On November 24, 2025, counsel for Petitioner submitted a declaration, stating that at 9:50 a.m. that morning, counsel received a panicked call from Petitioner, who was told to pack his items because he was being transferred. Petitioner was not informed where he was being taken. (ECF No. 25 at 2.[1]) Counsel checked the Executive Office of Immigration Review portal and learned that the Board of Immigration Appeals dismissed Petitioner's appeal on November

---
[1] Page numbers refer to the ECF pagination stamped at the top of the page.

21, 2025.² Counsel immediately filed a petition for review in the Ninth Circuit and a motion for temporary stay of removal.³ Petitioner "asks the Court to order that he remain detained in the Eastern District pending the imminent resolution of his habeas petition." (ECF No. 25 at 3.)

Given that the Court has ordered Petitioner to be released, the Court DENIES as MOOT Petitioner's request that the Court order he remain detained in the Eastern District pending the resolution of his habeas petition. See Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004) (noting that "when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release").

IT IS SO ORDERED.

Dated:   **November 25, 2025**           /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE

---

² Counsel has not received a copy of the decision.
³ According to Ninth Circuit rules, the filing of the motion for a temporary stay of removal automatically stays Petitioner's removal.